

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

February 12, 2021

Timothy C. Carrico, Esq.
105 Capitol Street, Suite 300
Charleston, WV 25301

> Re: United States v. James Braddock Biggerman
> Criminal No. 1:21-cr-00037 (USDC SDWV)

Dear Mr. Carrico:

This will confirm our conversations with regard to your client, James Braddock Biggerman (hereinafter "Mr. Biggerman"). As a result of these conversations, it is agreed by and between the United States and Mr. Biggerman as follows:

1. **CHARGING AGREEMENT.** Mr. Biggerman agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Biggerman will plead guilty to a violation of 18 U.S.C. § 2422(b) (attempted enticement of a minor) as charged in said information.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Biggerman will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of at least 10 years and up to life;

_____
Defendant's Initials

Timothy C. Carrico, Esq.
February 12, 2021                    Re: James Braddock Biggerman
Page 2

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of at least 5 years and up to life;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014;

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4. **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Biggerman understands that the Court shall order restitution to the victims in this case, including Minor Female 1 and Minor Female 2, as identified further in Attachment B, for full amount of the victims' losses, if any. Mr. Biggerman further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Biggerman further agrees as follows:

    (a)    Mr. Biggerman agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    (b)    Mr. Biggerman will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

    (c)    Mr. Biggerman agrees not to dispose of, transfer or

                                                                                                                 Defendant's Initials

        otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d)   Mr. Biggerman agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e)   Mr. Biggerman agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Biggerman to pay a greater or lesser sum of restitution in accordance with law.

    5.    **SPECIAL ASSESSMENT**. Mr. Biggerman will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Biggerman will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Biggerman fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Biggerman.

    6.    **ABANDONMENT OF PROPERTY**. Mr. Biggerman hereby agrees to release, relinquish, waive or abandon to the United States or

                                                               _____
                                                               Defendant's Initials

Timothy C. Carrico, Esq.
February 12, 2021                    Re: James Braddock Biggerman
Page 4

to the State of West Virginia any and all right, title and interest he may have in certain items seized from him on July 18, 2020, that is, a cellular phone. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

    7.    **PAYMENT OF MONETARY PENALTIES**. Mr. Biggerman authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Biggerman agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Biggerman further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Biggerman authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Biggerman shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

    Mr. Biggerman agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to

 

_____
Defendant's Initials

Timothy C. Carrico, Esq.
February 12, 2021                    Re: James Braddock Biggerman
Page 5

collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

8. **COOPERATION.** Mr. Biggerman will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Biggerman may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Biggerman, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Biggerman for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Biggerman for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Biggerman stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

_____
Defendant's Initials

Timothy C. Carrico, Esq.
February 12, 2021                    Re: James Braddock Biggerman
Page 6

    Mr. Biggerman agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Biggerman or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Biggerman knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Biggerman understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Biggerman agree that the following provisions of the United States Sentencing Guidelines apply to this case.

    USSG §2G1.3 (Group 1)[1]

    Cross-Reference to §2G2.1 per §2G1.3(c)(1)

---

[1] As Mr. Biggerman's offense involved two minors, USSG §3D1 is applied as if each minor was contained in a separate count of conviction. USSG §2G1.3(d)(1).

_____<br>Defendant's Initials

Timothy C. Carrico, Esq.  
February 12, 2021               Re: James Braddock Biggerman  
Page 7

    USSG §2G2.1

| | |
|---|---|
| Base Offense Level | 32 |
| Minor Age 12-16 | + 2 |
| Sexual Contact | + 2 |
| Use of Computer | + 2 |

    USSG §2G1.3 (Group 2)

Cross-Reference to §2G2.1 per §2G1.3(c)(1)

    USSG §2G2.1

| | |
|---|---|
| Base Offense Level | 32 |
| Minor Age 12-16 | + 2 |
| Sexual Contact | + 2 |
| Use of Computer | + 2 |

    USSG §3D1.4

| | |
|---|---|
| Two Grouping Units | + 2 |

    The United States and Mr. Biggerman reserve the right to address the Court at sentencing regarding the application of USSG §4B1.5. The United States and Mr. Biggerman further acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

                                                                                                                      Defendant's Initials

Timothy C. Carrico, Esq.
February 12, 2021                    Re: James Braddock Biggerman
Page 8

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Biggerman knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Biggerman also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 18 U.S.C. § 2422(b) is unconstitutional, and (2) Mr. Biggerman's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of the 18 U.S.C. § 2422(b).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Biggerman also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Biggerman knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without

_____
Defendant's
Initials

Timothy C. Carrico, Esq.
February 12, 2021            Re: James Braddock Biggerman
Page 9

any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Biggerman understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Biggerman understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Biggerman further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Biggerman understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Biggerman;

_____
Defendant's Initials

Timothy C. Carrico, Esq.
February 12, 2021                    Re: James Braddock Biggerman
Page 10

(f) Advise the Court concerning the nature and extent of Mr. Biggerman's cooperation; and

(g) Address the Court regarding the issue of Mr. Biggerman's acceptance of responsibility.

17. **VOIDING OF AGREEMENT.** If either the United States or Mr. Biggerman violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Biggerman in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Biggerman in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

MICHAEL B. STUART
United States Attorney

By: *[signature]*

Jennifer Rada Herrald
Assistant United States Attorney

_____
Defendant's Initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 11-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          3-23-21
James Braddock Biggerman                 Date Signed
Defendant

_____          3-23-21
Timothy C. Carrico, Esq.                 Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
~~CHARLESTON~~ Bluefield

**UNITED STATES OF AMERICA**

v.   CRIMINAL NO. _____

18 U.S.C. § 2422(b)

**JAMES BRADDOCK BIGGERMAN**

<u>I N F O R M A T I O N</u>
(Attempted Enticement of a Minor)

The United States Attorney Charges:

From on or about June 19, 2020, through on or about July 18, 2020, at or near Hedgesville, Berkeley County, West Virginia, and elsewhere, defendant JAMES BRADDOCK BIGGERMAN, using a facility and means of interstate commerce, that is, a cell phone and the Internet, did knowingly attempt to persuade, induce, entice, and coerce an individual, who had not attained the age of 18 years, and who was located at or near Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia, to engage in prostitution and sexual activity for which any person could have been charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(b).

UNITED STATES OF AMERICA

MICHAEL B. STUART
United States Attorney

By: _____
JENNIFER RADA HERRALD
Assistant United States Attorney

PLEA AGREEMENT EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**   CRIMINAL NO. 1:21-cr-_____

**JAMES BRADDOCK BIGGERMAN**

**STIPULATION OF FACTS**

The United States and JAMES BRADDOCK BIGGERMAN (hereinafter "I" or "me"), stipulate and agree that the facts comprising the offense of conviction in the information and relevant conduct include the following:[1]

**DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA**

From on or about June 19, 2020, to on or about July 18, 2020, I communicated via text messages and Snapchat, a cell phone application that uses the Internet and cellular networks to allow users to communicate with other users by sending messages, images, and videos, with a person I knew to be a 13-year-old female ("Minor Female 1")[2] located at or near Bluefield, Mercer County, West Virginia. During these conversations, I asked the minor female to enter into a sexual relationship with me and send me sexually explicit images or videos; I also sent her images of my penis and a video of myself masturbating. During these conversations, I

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to JAMES BRADDOCK BIGGERMAN and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information.

[2] From June 19, 2020, through July 13, 2020, Minor Female 1 was an actual 13-year-old minor; from July 14, 2020, through July 18, 2020, an undercover law enforcement office had assumed Minor Female 1's identity.

**PLEA AGREEMENT EXHIBIT B**
1

repeatedly asked her to send images or videos of herself masturbating. I also spoke to Minor Female 1 on the phone on July 16 and 17, and encouraged her to allow me to try to have anal sex with her when we met in person. At one point during our conversations, I offered Minor Female 1 $100 if she would have sex with me.

I also engaged in similar conversations via Snapchat and Instagram with another person I knew to be a 13-year-old minor ("Minor Female 2")[3] between on or about June 12, 2020, and July 18, 2020. I knew that Minor Female 1 and Minor Female 2 were friends. During my conversations with Minor Female 2, I discussed meeting her to engage in sexual activity, asked to receive sexually explicit images from her, and sent her pictures of my penis.

I arranged to travel on July 18, 2020, to meet both Minor Female 1 and Minor Female 2. Specifically, I arranged to drive from my residence in Hedgesville, Berkeley County, West Virginia, to Bluefield, West Virginia, to meet Minor Female 1. I intended to engage in sexual activity with Minor Female 1 at her residence and then to take her to Charleston, Kanawha County, West Virginia to meet Minor Female 2. I had discussed with both girls that we would then engage in a threesome involving both minors engaging in sexual intercourse and oral sex with me and oral sex with each other. I told the minors that I would make a video recording of the three of us engaged in sexual activity. On July 18, 2020, I drove from Hedgesville to Bluefield, West Virginia, to meet Minor Female 1, as I had arranged, and was placed under arrest when I arrived.

---

[3] From June 12, 2020, through July 6, 2020, Minor Female 2 was an actual 13-year-old minor; from July 14, 2020, through July 18, 2020, an undercover law enforcement office had assumed Minor Female 2's identity. Between the actual 13-year-old ending communication and the undercover officer assuming her identity, Minor Female 2's mother communicated as if she were Minor Female 2.

**PLEA AGREEMENT EXHIBIT B**
2

During my time communicating with both minors, I intended to persuade and entice both 13-year-old girls to engage in sexual activity with me, specifically oral sex and sexual intercourse, by encouraging them to try various sexual activities, asking them to masturbate and send me videos, telling them I loved them, and even offering to pay one minor in exchange for sexual activity.

Stipulated and agreed to:

_____     3-23-21
JAMES BRADDOCK BIGGERMAN              Date
Defendant

_____     3-23-21
TIMOTHY C. CARRICO, ESQ.              Date
Counsel for Defendant

_____     3-23-21
JENNIFER RADA HERRALD                 Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT B**
3