IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.                                                                      CASE NO.: **1:21-CR-00037**

**JAMES BRADDOCK BIGGERMAN.**

<u>**DEFENDANT'S SENTENCING MEMORANDUM**</u>

Defendant, James Braddock Biggerman, submits this memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at his upcoming August 23, 2021, sentencing hearing.

**BACKGROUND**

James Biggerman was 20 years old and suffered from a neurocognitive disorder at the time of the instant offense. The disorder should be considered as a mitigating factor in determining an appropriate sentence. The following are portions of Dr. David Ellis, PsyD's findings for the Court's consideration.

According to Dr. Ellis Mr. Biggerman suffers from a complete absence of social, emotional, or personal maturity. He states that "it is rather clear as to the highly immature and unsophisticated manner with which he communicated." "He had no sense of how truly inappropriate his conduct was in terms of how relationships form. And that I "understand how impaired his thinking is with respect to how he understood his actions and what is expectations were for some type of relational experience with the victims." "His sexual maturity is grossly impaired." "His understanding of sexuality has come from a fantasy work of watching pornography." Mr. Biggerman reported that he had three girlfriends in the past, however, it was

determined that never really had a dating relationship with any of the three. He has "a complete lack of insight and inability to understand and appreciate what was happening at that time."

"I believe there is indeed considerable evidence to conclude that there is an indication of *Autism Spectrum Disorder*." "In this instance, this impairs an individual's ability to function in a number of areas." "[W]ith respect to Mr. Biggerman this is with regard to social and emotional functioning and maturity." "Mr. Biggerman is not capable of picking up on natural or normative social nuances, mores, or expectations." "He has difficulty with anything that carries with it any degree of emotional understanding." "It is difficult for him to understand the emotional impact of this hat he may say or do." "[S]uch manifestation has to be considered as a mitigating factor, or at least, a factor warranting consideration as the immediate circumstance move forward." "I am not suggesting that he does not bear some responsibility for things that he may of choose to do, but that these are most certainly influenced and affected by the *underlying neurocognitive disorder*." "[T]here is an adjustment disorder that is present." According to his testing he has difficulty learning information. However, "he is capable of learning but has to put forth a great deal of effort in order to be successful."

That there are a number of protective factors regarding Mr. Biggerman including no criminal history,, having an education, no history of substance abuse, being gainfully employed, and having an intact family are all critical. Mr. Biggerman.

Dr. Ellis believes that Mr. Biggerman is amenable to treatment. "[H]e is indeed an individual who could be managed within the community." "I see no difficulties whatsoever with being able to supervise him then, much in the same way that I suspect he could be supervised even prior to a term of incarceration." "This is indeed a case where treatment is

absolutely indicated, an in this case, Mr. Biggerman himself is reasonable motivated and amenable to engage in such a course of care." "He recognizes that this conduct was completely inappropriate and harmful." "He is open to treatment, and his history would suggest, that he is capable of engaging in meaningful treatment."

Dr. Ellis that Mr. Biggerman be placed at the Federal Medical Center, Fort Devens, Massachusetts at the outset for immediate treatment.

On March 23, 2021, Mr. Biggerman pled guilty to a one count information which charges him with a violation of 18 U.S.C. § 2422(b) for attempted enticement of a minor. The statutory maximum penalty is (10) years to life incarceration and of $250,000.00 fine. His advisory guideline range is 360 months life. He is subject to supervised release from (5) five years to live.

Mr. Biggerman asserts no legal objections to the PSR. He respectfully requests that the Court impose a sentence of the mandatory minimum one hundred twenty (120) months' imprisonment followed by a substantial term of supervised release with home confinement as deemed appropriate or necessary by the Court. This type of sentence would provide a significant punishment for someone like Mr. Biggerman who is being sentenced for his first felony conviction and who has never spent any time in custody.

Mr. Biggerman will be serving an extended period of supervised release that will include restrictive conditions curtailing his access to the Internet, other minors, and requiring his continued participation in a sex offender treatment program, the suggested sentence would strike an appropriate balance for imposing a sufficient, but not greater than necessary, punishment for his conduct.

Mr. Biggerman has reviewed the victim impact statement and acknowledges the

emotional harm and trauma that he has caused both victims and their families.   He acknowledges the seriousness of his conduct and that a substantial sentence is warranted under the law.

Mr. Biggerman has been physically assaulted on multiple occasions while being held in custody.

Mr. Biggerman would rely upon the following factors in support of this suggested sentence:

## SENTENCING FACTORS

In post-*Booker* sentencing, district courts are to calculate the appropriate Guideline range, consider that range in conjunction with other relevant factors under 18 U.S.C. § 3553(a), and impose a sentence.   Here, a sentence of one hundred twenty (120) months' imprisonment would be sufficient, and not greater than necessary.

**(1)** **The nature and circumstances of the offense and the history and characteristics of the defendant;**

Mr. Biggerman suffers from a neurocognitive distorder which clearly contributed to his criminal conduct.   He was only 20 years old at the time of the offense.   The intended victims were older than (12).   He is amenable to treatment.   He has no criminal history.   He has substantial family support.   There is no evidence of substance abuse issues.   He immediately confessed to law enforcement his criminal conduct and has continued to do so with Dr. Ellis.

Attached hereto a letters submitted on Mr. Biggerman's behalf.

**(2)** **The need for the sentence imposed to:**

    **a.** **Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;**

      **b.    Afford adequate deterrence to criminal conduct;**

      **c.    Protect the public from further crimes of the defendant; and**

      **d.    Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

A sentence of 120 months would accomplish these goals. The crime to which Mr. Biggerman pled guilty carries a mandatory minimum sentence of ten (10) years, which sentence is particularly significant for an individual with an unremarkable criminal history, who was only 20 years old at the time, suffers from a neurocognitive disorder, and demonstrated ability to work and contribute positively to society.

To the extent the public needs to be protected from further crimes by Mr. Biggerman, that protection will occur first via the term of supervised release he will serve and second by the requirement that he register as a sex offender. Moreover, the decade he will serve behind bars will provide ample opportunity for him to obtain the treatment and counseling he needs to understand what led him down this path in the first place and equip him to resist any temptation he may have to do so again.

Moreover, this Court should consider the comparative severity of this guideline range for an offense. The recommended guideline range set forth in the PSR is on par with—or exceeds— offenses such as second-degree murder (base offense level 38, no specific offense characteristics) and conspiracy to commit murder (base offense level 33, 4-level enhancement if offense involved receiving anything of value). *See* §§ 2A1.2 and 2A1.5.

**(3) The kinds of sentences available;**

A sentence of 120 months is the minimum provided by statute.

**(4) The kinds of sentence and the sentencing range established [by the Guidelines];**

The PSR has correctly calculated the advisory Guideline range to be 360 months to life based on a Total Offense Level of 42 and a Criminal History Category of I.   Mr. Biggerman is requesting that the Court impose the mandatory minimum sentence under the statute of conviction of 120 months.

Although the Guidelines are correctly calculated, they nevertheless overstate the seriousness of the offense for two reasons.   First, a 2-level enhancement has been applied under § 2G1.3(b)(3).   In today's society, however, the use of computers and the internet is ubiquitous.   Indeed, it is anticipated that the vast majority of these cases that come before the Court involve the use of computers and the internet and it would be rare for the enhancement not to apply.   Without this enhancement, the Guideline range is 292 to 365 months.

There was no actual physical contact between Mr. Biggerman and the two victims.   Mr. Biggerman receives a two-level enhancement under U.S.S.G. 2G1.3(b)(4)(A) because the offense involved sexual contact.   It is important to note for sentencing purposes that that the basis of the enhancement is contact with himself and not contact with the minors.   Without this enhancement, the Guideline range would reduce to 235 to 293 months.

Mr. Biggerman receives a five-level enhancement under U.S.S.G. 4B1.5(b)(1) because the offense involved a covered sex crime and he engaged in a pattern of activity involving prohibited sexual conduct.   The pattern in this case is based on a single course of continuous conduct over July and August of 2020 in an attempt to have sexual relations with two identified victims together.   There is no other such attempt on any other minor.   The communications with both generally occurred over the same time period and the minors knew each other.   Without this enhancement, the Guideline range would reduce to 168 to 210 months.

**(5)   Any pertinent policy statement;**

The requested sentence is not precluded by any pertinent policy statement.

**(6)   The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and**

A downward variance would be warranted based on the factors set forth above, including those noted in subsection (4) as related to the advisory Guideline range.

**(7) The need to provide restitution to any victims of the offense.**

Upon information and belief, restitution has not been requested.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, James Biggerman requests a sentence of the mandatory minimum one hundred twenty (120) months' imprisonment followed by a term of supervised release under the conditions of home confinement and others as proposed in his objections to the PSR.   Mr. Biggerman further requests that the Court recommend that he be designated as soon as possible by the BOP at the Federal Medical Center, Fort Devens, Massachusetts and that he serve his sentence at where he may receive appropriate sex offender treatment and counseling as well as care recommended by Dr. Ellis.   Counsel does not intend to call any witnesses other than Dr. Ellis.   His parents will give very short brief remarks on behalf of their son.

Respectfully submitted this 19th day of August 2021.

                 **JAMES BIGGERMAN**
                 **By Counsel**

s/Tim C. Carrico
**Tim C. Carrico (WVSB #6771)**
**CARRICO LAW OFFICES, LC**
**105 Capitol Street, Suite 300**
**Charleston, West Virginia 25301**
**(304) 347-3800**